United States District Court
Southern District of Texas

**ENTERED**

March 17, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CESAR LEON MALDONADO GRIMALDO, | § § § | |
| Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-01782 |
| FIELD OFFICE DIRECTOR, ICE HOUSTON, | § § § | |
| Respondent. | § § § | |

**ORDER**

Before the Court is Petitioner Cesar Leon Maldonado Grimaldo's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection on an unknown date. ECF No. 6 at 2. He is married to a U.S. citizen, and his family relies on him "emotionally and financially." ECF No. 1-1 at 2, Exh. 1. He has no criminal history. *Id.*

Petitioner was taken into ICE custody on or about November 5, 2025. ECF No. 6 at 2. He was then issued a Notice to Appear (NTA), which charged him with being subject to removal under INA § 212(a)(6)(A)(1) as "an alien present in the United States without being admitted or paroled." *Id.* Petitioner's removal proceedings are ongoing; he has filed a Motion to Accept Late Appeal with the Board of Immigration Appeals. ECF No. 1-1 at 1, Exh. 1.

1 / 3

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the same reasons articulated in that case, the Court reaches the same conclusion here.

## III.    CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at

*2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**

2. Respondents must file an advisory with the Court **on or before March 23, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 17, 2026.

Keith P. Ellison
United States District Judge

3 / 3